UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THEODORE J. FOLKMAN,

        Plaintiff,

   vs.

US DEPARTMENT OF STATE,

        Defendant.

Civ. A. No.

## COMPLAINT

### JURISDICTION

1.     This action arises under a federal statute, 5 U.S.C. § 552.

### STATEMENT OF THE CLAIM

A.    Background to the FOIA Request

2.     This is an action under the Freedom of Information Act. The plaintiff, Theodore J.

Folkman ("Folkman"), is a lawyer in Boston and the author of several works in the area of

private international law and international judicial assistance, including *International Judicial*

*Assistance: Serving Process, Obtaining Evidence, Enforcing Judgments and Awards* (MCLE

2012); *Choice of Law* (with co-author David Evans)*, in International Intellectual Property*

*Arbitration* (Juris 2010); and *Letters Blogatory* (http://lettersblogatory.com), a legal blog that

covers international judicial assistance from a US law perspective.

3.     One of the topics of Folkman's writing is the recognition and enforcement in the

United States of foreign court money judgments. In general, recognition and enforcement of

foreign judgments is governed by state law, and in particular by uniform acts such as the

Uniform Foreign Money Judgments Recognition Act (1962) or the Uniform Foreign-Country

Money Judgments Recognition Act (2005), which have been enacted in the majority of states. Under these acts, one of the grounds for refusal to recognize a foreign money judgment is the systematic inadequacy of the foreign judiciary. In the words of the 2005 Uniform Act, a foreign judgment is not entitled to recognition if it was "rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law."

4.      The issue of the systematic inadequacy of foreign judiciaries has become very prominent among practitioners in the last few years, largely on account of the ongoing environmental tort litigation between a group of Ecuadorans ("the Lago Agrio Plaintiffs") and Chevron Corp. The litigation comprises dozens of actions in the United States, Ecuador, and several other countries, and it is difficult to summarize briefly. At the highest level of generality, the Lago Agrio Plaintiffs obtained a multi-billion dollar judgment against Chevron in an Ecuadoran court after many years of litigation, and Chevron is resisting recognition and enforcement of the judgment in various jurisdictions in North and South America. One of the arguments Chevron has raised is that the Ecuadoran courts were not impartial and that the procedures used in the Ecuadoran trial did not comport with the requirements of due process of law.

5.      One of the authorities that advocates for Chevron have cited in support of their contentions about the Ecuadoran judiciary is the State Department's Country Reports on Human Rights Practices ("Human Rights Reports") regarding Ecuador. For example, Chevron submitted the 2007-2009 Human Rights Reports for Ecuador in a proceeding against the Lago Agrio Plaintiffs' lawyer, Steven Donziger, in the Southern District of New York, and the judge there relied on them for the proposition that "Ecuadoran judges sometimes decide cases as a result of

substantial outside pressures, particularly in cases of interest to the government." *See Chevron*

*Corp. v. Donziger,* 768 F. Supp. 2d 581, 620 (S.D.N.Y. 2011), *rev'd sub nom. Chevron Corp. v.*

*Naranjo,* 667 F.3d 232 (2d Cir.), *cert. denied,* 133 S. Ct. 423 (2012).

6.      It is clear that both Chevron and its opponents have lobbied governmental

officials and agencies in various ways in the course of the litigation. For example, Chevron has

asked the U.S. Trade Representative to refuse to renew trade preferences Ecuador has under the

Andean Trade Preference Act on the grounds that Ecuador is guilty of misconduct in connection

with aspects of the Chevron case. Similarly, the Lago Agrio Plaintiffs have lobbied Thomas

DiNapoli, a New York State official with responsibility for that state's public pensions, to

exercise the pension fund's power as a Chevron shareholder to encourage Chevron to settle the

litigation.

7.      Folkman seeks to learn whether any parties in the Lago Agrio dispute have

lobbied the State Department concerning the Human Rights Reports for Ecuador. More broadly,

Folkman seeks to learn more about how often businesses and other persons or organizations

lobby the State Department to modify Human Rights Reports regarding foreign judiciaries, and

what effect that lobbying has on the reports the State Department ultimately releases. Folkman

intends to publish material relating to the case of Ecuador on *Letters Blogatory* and to prepare an

article for publication on the more general issues relating to lobbying for changes to State

Department guidance on foreign judiciaries.

B.      The FOIA Request

8.      On August 16, 2011, Folkman submitted a FOIA request to the State Department,

a true copy of which is attached to this Complaint as Exhibit 1.

9.      The State Department has acknowledged receipt of the FOIA request. Folkman

has corresponded and spoken by telephone with the State Department's FOIA personnel on

several occasions, but to date the State Department has not responded to the FOIA request, nor

has the State Department provided Folkman with a written notice under 5 U.S.C. § 552(a)(6)(B)

extending the time for its response and providing a date on which a determination is expected to

be dispatched. Folkman is therefore deemed to have exhausted his administrative remedies.

10.     Folkman is entitled under the statute to receive copies of the records requested in

his FOIA request.

DEMAND FOR RELIEF

Therefore, the plaintiff demands: (a) that a judgment be entered enjoining the Department

of State from withholding agency records requested in the FOIA request and ordering the

production of any agency records improperly withheld from him; (b) an award of reasonable

attorney's fees; and (c) costs.

Respectfully submitted,

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
MURPHY & KING, P.C.
One Beacon Street
Boston, Mass. 02108
(617) 423-0400
tjf@murphyking.com

*Pro se*

Dated: March 15, 2013