UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THEODORE J. FOLKMAN,

    Plaintiff,

vs.

US DEPARTMENT OF STATE,

    Defendant

Civ. A. No. 13-10614-RWZ

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR AN ORDER COMPELLING THE DEFENDANT
TO PRODUCE A *VAUGHN* INDEX**

BACKGROUND

This is a Freedom of Information Act case. The plaintiff ("Folkman") seeks to obtain records concerning lobbying of the State Department ("the Department") by business interests or members of Congress proposing modifications to the reports the Department publishes that describe foreign country judiciaries, and correspondence with the Department by business interests or members of Congress concerning actual or alleged corruption, partiality, or lack of independence on the part of foreign country judiciaries. (Compl. Ex. 1; Ans. ¶ 8). Folkman submitted his FOIA request on August 16, 2011. (Compl. ¶ 8; Ans. ¶ 8). The Department acknowledged receipt of the request, but it has not produced any records responsive to the request; shown that the records are exempt from disclosure; notified Folkman of any determination regarding his request; or notified Folkman that it required more time to respond. (Ans. ¶ 9). Even in its Answer, the government has not pointed to any particular FOIA exemption that could relieve it of the obligation to produce the responsive records. All it claims

is that the request "*may* implicate information that is protected from disclosure by one or more statutory exemptions." (Ans., at 2) (emphasis supplied).

In this motion, Folkman requests an order compelling the Department to produce a *Vaughn* index within thirty days of the date of the order.

ARGUMENT

A *Vaughn* index, named for *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), is an itemized index that correlates each withheld document—or each withheld portion of a document—with the FOIA exemption that the government claims justifies the nondisclosure, and the relevant part of the government's justification for the nondisclosure. *See Vaughn,* 484 F.2d at 827. The index permits the court "to make a rational decision [about] whether the withheld material must be produced without actually viewing the documents themselves." *King v. Dept. of Justice,* 830 F.2d 210, 219 (D.C. Cir. 1987). The First Circuit has approved the practice of requiring the government to produce *Vaughn* indexes in FOIA cases. *See, e.g., Church of Scientology Int'l v. Dept. of Justice,* 30 F.3d 224, 228-29 (1st Cir. 1994). The court has noted that a *Vaughn* index is "necessary to protect the adversary process in a FOIA case, in which only the party opposing disclosure will have access to all the facts." *Id*.

A. The Department Has Failed To Make Any Progress In Nearly Two Years.

The Court should compel production of a *Vaughn* index here. The FOIA request at issue is nearly two years old. As far as the Department has disclosed, the Department has done nothing in that time to determine whether any documents responsive to the request are within the scope of any FOIA exemption. Even the Answer does not identify any basis on which the Department is withholding responsive records. Folkman intends to bring a dispositive motion at the earliest opportunity, but he cannot box with shadows; the government should make its position clear to enable Folkman to seek a decision from the Court.

B.   The Statutory Scheme Emphasizes The Government's Obligation To Respond To Requests In A Timely Way.

The FOIA emphasizes the importance of timely government responses to requests for public records. The government is required to determine within twenty days whether to comply with a FOIA request, and to immediately notify the requestor of its determination. *See* 5 U.S.C. § 552(a)(6)(A)(i). The government is permitted to extend the time for its response, but only in "unusual circumstances," and then only by providing a written notice to the requestor "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). Such an extension can last only for ten days, unless the agency notifies the requestor that it cannot meet the deadline and makes its FOIA Public Liaison available to the requestor. *Id.* § 552(a)(6)(B)(ii). If, as in this case, the government fails to comply with the statutory time limits, the requestor is deemed to have exhausted administrative remedies and can proceed to file a civil action. *Id.* § 552(a)(6)(C)(i). The government again has an opportunity to extend its time to provide the documents if it "can show exceptional circumstances exist and that the agency is exercising due diligence in responding to a request." *Id.* "Exceptional circumstances" expressly excludes "a delay that results from a predictable agency workload of requests … unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id.* § 552(a)(6)(C)(ii). In short, the FOIA has a very detailed scheme of deadlines and timeliness requirements, all of which the Department has so far ignored in this case.

C.   The Precedents Support Folkman's Request For A *Vaughn* Index.

Several courts have permitted FOIA plaintiffs to obtain *Vaughn* indexes at an early stage of a FOIA case. For example, in *People ex rel. Brown v. EPA,* 2007 WL 2470159, at *2 (N.D. Cal. Aug. 27, 2007), the court granted a motion for production of a *Vaughn* index before either

side had filed a dispositive motion in light of the "amount of time that has passed between the current motion and initial FOIA request" and the fact that the government had already produced what it claimed were the responsive, non-exempt records. The gap between the request and the motion was only thirteen months in *Brown;* here it is twenty-two months. Moreover, unlike in *Brown,* here the government has produced nothing. Similarly, in *ACLU v. Dept. of Defense,* 339 F. Supp. 2d 501, 502-03 (S.D.N.Y. 2004), the court granted a motion for a *Vaughn* index where the plaintiff had made its request eleven months earlier and since then, the government had produced almost no documents, claimed no exemptions from production, and made no objections to production. According to the court:

> The information plaintiffs have requested are matters of significant public interest. Yet, the glacial pace at which defendant agencies have been responding to plaintiffs' requests shows an indifference to the commands of FOIA, and fails to afford accountability of government that the act requires.

*Id.* at 504.

This Court has emphasized the importance of a timely substantive response by the government to the overall statutory scheme under FOIA when ordering a *Vaughn* index. In *Ettlinger v. FBI,* 596 F. Supp. 867 (D. Mass. 1984), for example, the plaintiff made her request in August 1982. The government produced hundreds of pages of documents a year later and also identified particular FOIA exemptions under which it was withholding other documents. The plaintiff moved for a *Vaughn* index, and the government claimed that it could not produce the index until several months in the future—twenty-two months after the initial request. Judge Keeton wrote that he was cognizant of the burden of the FOIA on the government, but that he was "unable to square its claim of the need for twenty-two months in order to respond adequately to the plaintiffs' request with any concept of the statutory mandate that an agency must exercise due diligence in its response." *Id.* at 878-79.

In light of the Department's lengthy delays here, cases such as *Miscavige v. IRS,* 2 F.3d 366 (11th Cir. 1993), which affirmed a denial of a motion for a *Vaughn* motion on the grounds it was premature but which did not involve excessive government delay, should not control. Other similar cases do not involve delays of the length that has occurred here or involved significant delays on the part of the requester. *See, e.g., Gerstein v. CIA,* 2006 WL 3462659 (N.D. Cal. Nov. 29, 2006) (delay of eight months; in any case, requester did not show that a *Vaughn* index was necessary); *Bassiouni v. CIA,* 248 F. Supp. 2d 795 (N.D. Ill. 2003) (agency substantively denied request; requestor waited two years to file suit); *Pyne v. Comm'r of Internal Revenue,* 1999 WL 112532 (D. Hawaii Jan. 6, 1999) (government agreed to produce the great majority of responsive documents; no indication of government delay); *Stimac v. Dept. of Justice,* 620 F. Supp. 212 (D.D.C. 1985) (motion denied where the government had already filed an affidavit explaining the government's position on exemptions); *Payne v. Dept. of Justice,* 1995 WL 601112 (E.D. La. Oct. 11, 1995) (denying motion for index before the government filed an answer, where the government had already reported that it had no responsive records); *Cohen v. FBI,* 831 F. Supp. 850 (S.D. Fla. 1993) (motion denied where plaintiff sued seven months after initial FOIA request).

## CONCLUSION

For the foregoing reasons, Folkman respectfully requests that the Court grant this motion and order the Department to provide a *Vaughn* index within thirty days.

Respectfully submitted,

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tjf@murphyking.com

*Pro se*

Dated: June 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on June 27, 2013.

/s/ Theodore J. Folkman

652034