UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODORE J. FOLKMAN,<br><br>              Plaintiff,<br><br>vs.<br><br>US DEPARTMENT OF STATE,<br><br>              Defendant | Civ. A. No. 13-10614-RWZ |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO SERVE A SUPPLEMENTAL PLEADING**

In this Freedom of Information Act case, the plaintiff ("Folkman") seeks production of public records from the Department of State ("the Department") concerning lobbying relating to the multi-billion dollar dispute between Chevron Corp. and Ecuador. The public records produced to date have shown significant lobbying not just by Chevron, but by other parties to the litigation.

For nearly two years after Folkman's August 2011 FOIA request, the Department did nothing. Folkman sued, and as a result, the Department began producing public records on a rolling basis, albeit at a very slow pace. The lawsuit was filed in March 2013, and the government says it will be able to complete its production by September 2014, more than three years after the initial request. (ECF No. 26).

Each of the government's productions has included a letter from an official within the Department responsible for FOIA matters. Several of those letters have indicated that the Department was withholding public records while it sought the approval of a third party, on the grounds that the records contained information the Department had received from the third party that could be confidential. One such letter, dated March 7, 2014, reads:

> The remaining 3 documents contain information that was submitted to the Department by a third party and may be exempt from disclosure as privileged or confidential information under FOIA Exemption 4. These documents are being referred to the submitter of that information for review pursuant to Executive Order 12600 and the Department's implementing regulations, 22 C.F.R. § 171.13.

(Folkman Decl. Ex. 1).

Despite Folkman's requests, which date back to December 16, 2013 (Folkman Decl. Ex. 2), the Department refused to identify the third party whose views the Department was seeking. It noted that its discussions with the third party had been "unusually complicated" (Folkman Decl. Ex. 3), though it gave no reasons why they should have been complicated. Therefore, on April 25, 2014, Folkman filed a second FOIA request (Folkman Decl. Ex. 4), this time seeking:

> All correspondence and all records containing or memorializing communications between the Department of State and the "third party" referenced in the letter to me from Sheryl L. Walter dated September 30, 2013, or between the Department of State and the third party's attorneys or representatives, concerning the consultations referenced in Ms. Walter's letter

(and seeking similar documents for each of the letters in which the Department referenced consultation with third-party submitters).

Because of the dramatic delays he encountered in receiving public records responsive to the first FOIA request, Folkman requested expedited processing on the grounds that he is a "news media requester." The factual basis for this request is not relevant to this motion, and this memorandum does not discuss it, but suffice it to say that Folkman believes he can make a strong showing that his blog is one of the major sources of information concerning the Chevron/Ecuador litigation now available both to the general public and to specialists.

The Department was unable to comply with the statutory requirement that it "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any [FOIA] request whether to comply with such request and ... immediately notify the person making such request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

(Folkman Decl. ¶ 5). It was, however, able promptly to deny Folkman's request for expedited

treatment. (Folkman Decl. Ex. 5). Folkman administratively appealed the denial (Folkman Decl.

Ex. 6), and again, the Department was able to promptly deny the appeal (Folkman Decl. Ex. 7).

The grounds for the denial are troubling, and they form part of the basis for this motion for leave

to file a supplemental complaint. According to the Department, *no* blog, and no one who

publishes online in a blog format, can be considered a news media requester:

> You also requested to be placed in "News Media" instead of the "All Other" requester
> category. Your basis for this request is because you publish information to a blog. A blog
> is generally considered a personal site and is used to post a topic to solicit public opinion.
> Therefore, based upon the information you provided, it does not appear that your request
> nor appeal meet the criteria to warrant a change of your requester category from "All
> Other" to "News Media." You have not demonstrated an ability to disseminate the
> information to the public at large.

In its July 9, 2014 production, the Department finally produced all of the public records it

previously had withheld while it consulted with the third party (Folkman Decl. Ex. 8). It is

evident from the records produced that the third party was Chevron itself. Evidently none of the

records were, in the end, exempt from production. It is unclear why the Department believed it

proper to consult with the Chevron and what objections, if any, Chevron made to production of

the public records.

Folkman seeks leave to file a supplemental complaint to assert two new claims. First, the

Department has violated FOIA by failing to produce the public records requested. This is just

like the claim Folkman asserted in the original complaint, save that it relates to the second FOIA

request rather than the first FOIA request. Second, the Department has wrongfully determined

that Folkman is not entitled to expedited treatment as a "news media requester."

ARGUMENT

A.      The Court Should Grant Leave To File A Supplemental Complaint.

Under Rule 15(d):

3

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. … The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A supplemental complaint differs from an amended complaint insofar as (1) it relates to matters occurring after the filing of the original complaint; and (2) it does not replace the original complaint but "stands with" it. *United States v. Russell,* 241 F.2d 879, 882 (1st Cir. 1957). A motion for leave to file a supplemental pleading should be considered under the same standard applicable to a motion for leave to file an amended pleading. *See Glatt v. Chicago Park Dist.,* 73 F.3d 190, 194 (7th Cir. 1996); *In re NeuroGrafix ('360) Patent Litig.,* 2014 WL 1133541, at *2 n.5 (D. Mass. Mar. 24, 2014). Thus the court "should freely give leave when justice so requires," and should deny the motion only for reasons such as "undue delay in filing the motive, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *United States ex rel. Gagne v. City of Worcester,* 565 F.3d 40, 48 (1st Cir. 2009).

In cases involving multiple related FOIA requests, where the original complaint alleges that an agency's response to the first FOIA request violated the statute, courts have held that it is proper to plead that an agency's response to the later FOIA request violated the statute by way of supplemental pleading. Thus in *Aftergood v. CIA,* 225 F. Supp. 2d 27 (D.D.C. 2002), where the court dismissed an action seeking to compel a response to a FOIA request on limitations grounds and the plaintiff had meanwhile filed a second FOIA request, which the agency had denied, the court granted a motion for leave to file a supplemental complaint raising "new similar claims based on [the] subsequent similar transaction." Likewise, in *Katzman v. Sessions,* 156 F.R.D. 35 (E.D.N.Y. 1994), a FOIA case, the court granted leave to file a supplemental complaint alleging a failure to comply with the FOIA in responding to a second FOIA request. Supplementation in

4

such cases is appropriate because it does not prejudice the agency and it "promote[s] the economic and speedy disposition of the entire controversy between the parties." *Katzman,* 156 F.R.D. at 39.

On the other hand, it is permissible in some cases to deny leave to file a supplemental complaint in FOIA cases. But where the courts have done so, special factors justified the decision. For example, courts deny leave to file supplemental FOIA claims when they are unrelated to the issues pleaded in the original complaint, *see In re Wade,* 969 F.2d 241, 250 (7th Cir. 1992) (plaintiffs conceded that the FOIA request was "not in any way connected with or subjected to the pending federal court case"). In *Hall v. CIA,* 437 F.3d 94 (D.C. Cir. 2006), the court affirmed a denial of a motion for reconsideration of an earlier decision denying leave to file a supplemental complaint adding a new FOIA claim to a FOIA action, but there, the plaintiff could not be prejudiced because he had already filed a separate lawsuit based on the latter FOIA request, and the government would have been prejudiced by a supplemental pleading because the plaintiff had already failed to pay thousands of dollars in FOIA fees already assessed under the first FOIA request. None of these factors are present here.

The alternative to a supplemental pleading is a new civil action. Under L.R. 40.1(g), the new action and this action would be related actions and would therefore be assigned to this session, and Folkman would move, with good reason, for consolidation under Fed. R. Civ. P. 42. Thus the only practical question this motion presents to the Court is whether Folkman should have to incur the costs of bringing a new action. In light of the precedents cited above, there is no reason to require Folkman needlessly to bear that expense.

B.    <u>The Court Should Order The Government To Answer The Supplemental Complaint Within Thirty Days Of Its Service.</u>

Under Rule 15(d), "[t]he court may order that the opposing party plead to the supplemental pleading within a specified time." Whether to require a responsive pleading is within the court's discretion. A responsive pleading "often will be desirable" when, as here, the supplemental pleading adds a new claim. *See* 6A Wright & Miller § 1509.

Folkman suggests that the Court should order the Department to serve an answer to the supplemental complaint within thirty days of service of the supplemental complaint. Ordinarily the government has sixty days to answer a complaint. Fed. R. Civ. P. 12(a)(2). However, Congress has provided that the government has only thirty days to answer FOIA complaints. *See* 5 U.S.C. § 552(a)(4)(C).

CONCLUSION

For the foregoing reasons, Folkman respectfully requests that the Court grant this motion, authorize Folkman to serve a supplemental complaint, and order the Department to answer the supplemental complaint within thirty days of service.

Respectfully submitted,

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tfolkman@murphyking.com

*Pro se*

Dated: July 16, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on July 16, 2014.

/s/ Theodore J. Folkman

671854