

**THEODORE J. FOLKMAN**
Direct Dial: 617-226-3451
Direct Fax: 617-305-0651
Email: tfolkman@murphyking.com

April 25, 2014

<u>BY CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Office of Information Programs and Services
A/GIS/IPS/RL
U.S. Department of State
Washington, D.C. 20522-8100

    re: *Freedom of Information Act Request*

Dear Sir or Madam:

    This is a request for records under the Freedom of Information Act, 5 U.S.C. § 552. I request that you provide me with the following records:

1. All correspondence and all records containing or memorializing communications between the Department of State and the "third party" referenced in the letter to me from Sheryl L. Walter dated September 30, 2013, or between the Department of State and the third party's attorneys or representatives, concerning the consultations referenced in Ms. Walter's letter.
2. All correspondence and all records containing or memorializing communications between the Department of State and the "submitter" identified in the letter to me from Sheryl L. Walter dated December 2, 2013, or between the Department of State and the submitter's attorneys or representatives, concerning review under Executive Order 12600 and 22 C.F.R. § 171.13 of documents responsive to my Freedom of Information Act request dated August 16, 2011.
3. All correspondence and all records containing or memorializing communications between the Department of State and the "submitter" identified in the letter to me from Sheryl L. Walter dated January 30, 2014, or between the Department of State and the submitter's attorneys or representatives, concerning review under Executive Order 12600 and 22 C.F.R. § 171.13 of documents responsive to my Freedom of Information Act request dated August 16, 2011.
4. All correspondence and all records containing or memorializing communications between the Department of State and the "submitter" identified in the letter to me from Sheryl L. Walter dated March 7, 2014, or between the Department of State and the submitter's attorneys or representatives, concerning review under Executive Order

Professional Corporation
Counsellors at Law

www.murphyking.com

One Beacon Street
Boston, MA 02108-3107
Tel: 617.423.0400
Fax: 617.423.0498

590 Madison Avenue, 35th Floor
New York, NY 10022-8552
Tel: 212.631.0233
Fax: 212.624.0223

MK | Murphy&King

Office of Information Programs and Services
A/GIS/IPS/RL
U.S. Department of State
April 25, 2014
Page 2

      12600 and 22 C.F.R. § 171.13 of documents responsive to my Freedom of Information Act request dated August 16, 2011.

5. All correspondence and all records containing or memorializing communications between the Department of State and the "submitter" identified in the letter to me from John F. Hackett dated April 18, 2014, or between the Department of State and the submitter's attorneys or representatives, concerning review under Executive Order 12600 and 22 C.F.R. § 171.13 of documents responsive to my Freedom of Information Act request dated August 16, 2011.

This request does not seek production of those documents the Department has already determined are responsive to my request of August 16, 2011 and that the Department has withheld pending consultations with a third-party submitter.

For your reference, all of the letters to me referenced in items 1-5 are identified by Case No. F-2011-06987.

I request expedited processing of this request as a news media requester under 22 C.F.R. § 171.12. In support of this request, I note that I have been providing comprehensive coverage of the dispute involving the Lago Agrio plaintiffs, Chevron Corp., the Republic of Ecuador, and Steven Donziger since 2011. My original reporting at *Letters Blogatory* (http://lettersblogatory.com) has included an interview with the Ecuadoran ambassador, coverage of many of the US and foreign lawsuits and arbitral proceedings having to do with the case, coverage of speeches by key participants such as the President of Ecuador and Mr. Donziger, and publication of pieces by advocates for the parties, including Prof. Douglass Cassel, a Chevron advocate, and Ambassador Nathalie Cely. Reporters for other publications have cited my reporting in their own stories (e.g,. Alison Frankel, *Litigation Funder Feared Chevron Case Would Taint Fledgling Industry,* http://blogs.reuters.com/alison-frankel/2013/08/02/litigation-funder-feared-chevron-case-would-taint-fledgling-industry/, Jude Webber, *Chevron Hit by Argentine Legal Quagmire,* Financial Times, Feb. 13, 2013), and President Correa referred to my coverage in his weekly national televised address on March 8, 2014 (www.youtube.com/watch?v=NFo10jbjQlM). I have been invited to participate in various press briefings by representatives of Chevron and of the Ecuadoran plaintiffs. In short, at least with reference to the Chevron/Ecuador dispute, I qualify as a member of the news media for FOIA

**MK | Murphy&King**

Office of Information Programs and Services
A/GIS/IPS/RL
U.S. Department of State
April 25, 2014
Page 3

purposes. Since this FOIA request concerns records that relate to the Chevron/Ecuador dispute, I am entitled to expedited treatment of this request.[1]

    I request a fee waiver under 22 C.F.R. § 171.17 on the grounds that disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government as not primarily in my commercial interest. All of the factors set out in § 171.17(a) favor a waiver. First, the subject of the request, namely, how the State Department treats FOIA requests that call for "business information" as defined in 22 C.F.R. § 171.13, concerns the operations or activities of the government. Second, the information I am seeking is likely to contribute to public understanding of the State Department's practices by showing what information the Department makes available to third-party submitters under § 171.13 and how submitters respond to communications from the Department. Third, as indicated above, I have some subject-matter expertise concerning the underlying litigation, and I intend to make public whatever I learn via my website, *Letters Blogatory* (http://lettersblogatory.com). Fourth, I believe that disclosure is likely to lead to a significant increase in public understanding, given the dearth of information now available about how the Department deals with third-party submitters under § 171.13. Fifth, I have only a de minimis commercial interest, as my website accepts no advertising.[2] Sixth, the public interest in disclosure greatly outweighs whatever commercial interest I have.

                                                           Sincerely,

                                                           Theodore J. Folkman

cc:      Anita Johnson, Esq.

---

[1] I note that the Department has twice before considered my requests for expedited treatment, granting the request on one occasion and denying the request on the other occasion.

[2] My website is syndicated via Newstex, a content syndicator, and I have received royalty payments from Newstex, but these payments are de minimis and are less than the cost of maintaining the website.