# MK | Murphy&King

**THEODORE J. FOLKMAN**
Direct Dial: 617-226-3451
Direct Fax: 617-305-0651
Email: tfolkman@murphyking.com

May 15, 2014

BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Requester Liaison Division
Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100

    re: *F-2014-07548*

Dear Sir or Madam:

    I am writing to appeal from the administrative denial of my request for waiver of fees and for expedited processing for the above-captioned Freedom of Information Act ("FOIA") request, which I received on May 12, 2014.

1. *Fee Waiver*

    Because I am a representative of the news media, the Department is permitted to charge me only the "reasonable standard charges for documents duplication," 5 U.S.C. § 552(a)(4)(A)(ii)(II).

    Under the FOIA, a "representative of the news media" is defined, for fee waiver purposes, as "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to the audience." 5 U.S.C. § 552(a)(4)(A). The statute specifically includes, but is not limited to, "publishers of periodicals (but only if such entities qualify as disseminators of 'news') who make their products available for purchase by or subscription by or free distribution to the general public." *Id.* "News," under the statute, is defined as "information that is about current events or that would be of current interest to the public." *Id.*

    The State Department's regulations define a "representative of the news media" as "any person actively gathering news for an entity that is organized and operated to publish or

Professional Corporation
Counsellors at Law

www.murphyking.com

One Beacon Street
Boston, MA 02108-3107
Tel: 617.423.0400
Fax: 617.423.0498

590 Madison Avenue, 35th Floor
New York, NY 10022-8552
Tel: 212.631.0233
Fax: 212.624.0223

**MK | Murphy&King**

Requester Liaison Division
Office of Information Programs and Services
May 15, 2014
Page 2

broadcast news to the public." 22 C.F.R. § 171.11(o). They define "news" to mean "information that is about current events or that would be of current interest to the public." *Id.* To the extent this definition is inconsistent with the statutory definition, the Department should apply the statutory definition. In any event, however, I qualify as a representative of the news media under both the statute and the regulation.

   I am the publisher of *Letters Blogatory,* an online blog that is published periodically (generally, every business day) and that consists primarily of commentary on current judicial decisions and significant transnational litigation. *Letters Blogatory* is made freely available to the general public via the internet (at http://lettersblogatory.com) and is also available by subscription, in which case it is delivered by email. *Letters Blogatory* is also commercially syndicated by Newstex and is thereby included, for example, in the Westlaw NewsRoom database (*see, e.g.,* Ted Folkman, *BREAKING: Argentine Supreme Court Lifts Embargo of Chevron Assets in Lago Agrio Case,* 2013 WLNR 13777468 (Jun. 5, 2013).

   *Letters Blogatory* covers current events and issues of current interest to the public. In particular, *Letters Blogatory* reports on legal developments in private international law. *Letters Blogatory* also covers a handful of stories that are of more general public interest. For example, *Letters Blogatory* has covered the Belfast Project litigation in detail, publishing approximately ninety articles on the matter since July 2011 (collected at http://lettersblogatory.com/tag/belfast-project). I have also covered the Chevron/Ecuador litigation in detail, publishing more than 225 articles on the matter since February 2011 (collected at http://lettersblogatory.com/tag/lago-agrio).

   The FOIA request to which this appeal relates calls for the production of records concerning efforts by a submitter of information to the Department of State to prevent the Department from disclosing that information, or even the submitter's identity, pursuant to my prior FOIA request (No. F-2011-06987). The records I am seeking relate to the operations of the government and will be of interest to the public as part of my reporting on private parties' efforts to influence the Department's position on Ecuador. I have previously published several articles on this topic (e.g., *Chevron, Lobbying, and Lago Agrio,* http://lettersblogatory.com/2013/10/04/chevron-lobbying-lago-agrio/; *Lago Agrio: More Details on Chevron's Lobbying of the State Department,* http://lettersblogatory.com/2013/12/12/lago-agrio-chevron-state-department/; *Lago Agrio: More Details on Lobbying and Trade Pressure,* http://lettersblogatory.com/2014/02/03/lago-agrio-details-lobbying/), and I plan to use the information obtained via my FOIA request to prepare a new article for publication.

**MK | Murphy&King**

Requester Liaison Division
Office of Information Programs and Services
May 15, 2014
Page 3

For the foregoing reasons, I request that the Department reverse its decision classifying me in the "all other requesters" category and determine that I am entitled to be considered a representative of the news media for fee waiver purposes.

2. *Expedited Processing*

Under the Department's regulations, I am entitled to expedited processing because I have shown a "compelling need" for the information I have requested. *See* 22 C.F.R. § 171.12(b). A "compelling need" is deemed to exist on a showing that (1) the information is "urgently needed," and (2) I am "primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity." *Id.* § 171.12(b)(2). "News media requesters ... normally qualify." *Id.* As demonstrated above, I am a news media requester and should receive expedited treatment for that reason.

In any case, I qualify under the regulation regardless whether I am classified as a "news media requester." "Urgently needed," for purposes of the regulation, means that "the information has a particular value that will be lost if not disseminated quickly," typically a "breaking news story of general public interest." *Id.* § 171.12(b)(2)(i). "Actual or alleged Federal Government activity" means that "the information concerns some actions take, contemplated, or alleged by or about the government of the United States, or one of its components or agencies." *Id.* § 171.12(b)(2)(ii). I have shown both an urgent need and that the need for records relates to reporting I intend to do on federal government activities.

My FOIA request plainly relates to federal government activities. I am seeking records concerning how the government responds to a third party submitter that seeks to persuade the government to withhold otherwise producible public records in response to a FOIA request.

The records I have requested are "urgently needed" because the story of the Chevron/Ecuador dispute is still developing. There are currently several proceedings pending in countries around the world, including Canada and Argentina, for recognition and enforcement of the multi-billion dollar judgment of the Ecuadoran court against Chevron. An appeal from the decision of the US District Court in New York on Chevron's claims under the RICO Act is pending, as is an arbitration between Chevron and Ecuador under the US/Ecuador bilateral investment treaty. The quality of the Ecuadoran judiciary, which is at the heart of my underlying FOIA request, is likely to be at issue in all of these proceedings, and there is a public interest in knowing whether third parties have sought to influence the Department's views on Ecuador, and

**MK | Murphy&King**

Requester Liaison Division
Office of Information Programs and Services
May 15, 2014
Page 4

if so, whether they have been successful. Moreover, there is a public interest in knowing the reasons why a third party who has provided information to the Department concerning Ecuador would assert that such information cannot be publicly released, and if so, how the government responds to such assertions.

      For the foregoing reasons, I request that the Department reverse its decision and determine that I am entitled to expedited processing.

                                Sincerely,

                                Theodore J. Folkman